**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MARYANN LOUGHRY, individually and on behalf of all others similarly situated, | : | |
| Plaintiff, | : | |
| v. | : | CIVIL CASE NO: _____ |
| CHEWY, INC., | : | |
| Defendant. | : | |

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that Defendant Chewy, Inc. ("Chewy" or "Defendant"), by and through its undersigned counsel, and pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, hereby removes this action from the Court of Common Pleas of Delaware County, Pennsylvania, to the United States District Court for the Eastern District of Pennsylvania. Removal is based on the following grounds:

### JURISDICTION AND VENUE

1. This Court has original jurisdiction over this civil action under 28 U.S.C. § 1332(d)(2). This action is therefore removable pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d), 1453(b). This is a class action in which the alleged size of the proposed class exceeds 100 members, there is a diversity of citizenship between at least one member of the putative class of plaintiffs and the defendant, and the amount in controversy exceeds $5,000,000, exclusive of interest and costs.

2. Removal to this Court is proper because the U.S. District Court for the Eastern District of Pennsylvania includes the Court of Common Pleas of Delaware County, Pennsylvania,

where Plaintiff Maryann Loughry ("Loughry" or "Plaintiff") filed this action. *See* 28 U.S.C. §§ 118(a), 1441(a).

**PROCEDURAL HISTORY**

3. This action was originally filed on November 23, 2022, in the U.S. District Court for the Eastern District of Pennsylvania, Case No. 2:22-cv-4712. Plaintiff filed a Notice of Voluntary Dismissal Without Prejudice on May 15, 2023. Dkt. No. 4.

4. On May 23, 2023, Maryann Loughry refiled her complaint in the Court of Common Pleas of Delaware County, Pennsylvania. *See* Ex. A (Case No. CV-2023-004371, Initial Complaint). The Complaint was never served on Defendant. *See* Ex. B (State Court Docket).

5. On November 13, 2025, Loughry filed an amended complaint. *See* Ex. C (First Amended Complaint). On December 2, 2025, Loughry served Chewy with the First Amended Complaint. *See* Ex. D (Writ of Summons and Service of Process Notice).

6. On behalf of herself and a putative class, Loughry asserts claims against Chewy for one count of Violation of the Wiretapping and Electronic Surveillance Control Act ("WESCA"). First Am. Compl. ¶¶ 45-47.

7. Loughry alleges that Chewy unlawfully wiretapped her and other customers by "intercepting, capturing, and observing" their activities on Chewy's online services. *Id.* ¶¶ 11-21. According to the Complaint, Chewy purportedly records customer "mouse movements, key strokes, and searches," for later viewing, and also monitors Loughry and other customers "live," i.e. simultaneous with their online activities. *Id.* ¶¶ 12-22. Loughry alleges that Chewy's purported monitoring was unnecessary for its product retail, and that Chewy did not give notice of its actions. *Id.* ¶¶ 24-25.

8. Plaintiff defines the putative class as:

> (a) all consumers with a Pennsylvania address; (b) for whom Defendant acquired electronic communication through the use of electronic means; (c) during a period beginning one year prior to the filing of this initial action and ending 21 days after the service of the initial complaint filed in this action.

*Id.* ¶ 28.

9. On behalf of herself and the putative class, Plaintiff seeks "injunctive relief prohibiting such conduct in the future," statutory damages under 18 Pa. Cons. Stat. Ann. § 5725, as well as attorneys' fees and costs. First Am. Compl. ¶ 47.d–e.

10. This Notice of Removal is timely because Defendant was never served with the initial complaint, and the mere filing of the initial complaint is insufficient to trigger the removal clock. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48, 354 (1999) ("[A] named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, "through service or otherwise," after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service."). Not until the First Amended Complaint was served on Defendant did the removal clock begin to run. *Id.*; 28 U.S.C. § 1446(b); Ex. D. This Notice has been filed within thirty days of service of the First Amended Complaint, which occurred on December 2, 2025. § 1446(b)(1); Ex. D.

## GROUNDS FOR REMOVAL

11. This Court has original jurisdiction over this action under CAFA because (a) the putative class includes more than 100 members; (b) there is minimal diversity of citizenship; and (c) the amount in controversy exceeds $5,000,000. *See* 28 U.S.C. § 1332(d). No exception to CAFA jurisdiction applies.

### ***Class Size***

12. CAFA requires that "the number of members of all proposed plaintiff classes in the aggregate" is 100 or greater. 28 U.S.C. § 1332(d)(2), (d)(5)(B).

13. Plaintiff alleges that "[u]pon information and belief, Defendant has wiretapped hundreds of consumers" in Pennsylvania. First Am. Compl. ¶ 30.

14. For purposes of removal, Chewy may rely on Loughry's allegation regarding the size of the proposed class. *See Judon v. Travelers Prop. Cas. Co. of Am.*, 773 F.3d 495, 505 (3d Cir. 2014) ("Because [Plaintiff] explicitly asserted in her complaint that there are 'hundreds of [class] members,' [Defendant] was entitled to rely on this fact as an admission in favor of jurisdiction.").

15. Accordingly, this action satisfies CAFA's numerosity requirement.

***Minimal Diversity of Citizenship***

16. CAFA requires minimal diversity of citizenship, meaning that "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

17. Loughry alleges that she is a citizen of Pennsylvania. First Am. Compl. ¶ 6.

18. Under 28 U.S.C. § 1332, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

19. Chewy is incorporated under the laws of Delaware with its principal place of business at 7700 West Sunrise Boulevard, Plantation, FL 33322. Accordingly, Chewy is a citizen of both Delaware and Florida.

20. Because Loughry is a citizen of a state other than Chewy, there is diversity of citizenship between at least one plaintiff and one defendant. CAFA's minimal diversity requirement is therefore satisfied. 28 U.S.C. § 1332(d)(2)(A).

***Amount in Controversy***

21. CAFA requires that the aggregate amount placed in controversy by the action, exclusive of interest and costs, "exceeds the sum or value of $5,000,000." 28 U.S.C. § 1332(d)(2), (6).

22. Loughry alleges that the putative class includes

> (a) all consumers with a Pennsylvania address; (b) for whom Defendant acquired electronic communication through the use of electronic means; (c) during a period beginning one year prior to the filing of this initial action and ending 21 days after the service of the initial complaint filed in this action.

First Am. Compl. ¶ 28.

23. The initial complaint was filed on May 23, 2023; therefore, according to the class definition, the relevant time period is May 23, 2022 to June 13, 2023 (the "Time Period"). *See* Ex. A. Chewy is an online pet supply retailer.[1] During the Time Period, Chewy had not yet opened any brick-and-mortar locations for customer interaction.[2] Accordingly, all customer interactions during the Time Period would have been "electronic communication[s] through the use of electronic means," per the putative class definition. *See* First Am. Compl. ¶ 28.

24. During the Time Period, Chewy was also a U.S. brand exclusively,[3] with approximately 20.4 million active customers. *See* Ex. E, at 3 (Chewy Shareholder Letter Q4 and Fiscal Year 2022). Pennsylvania's population from 2020 to 2024 was between 3.85% and 3.92%

---

[1] *See* https://www.chewy.com.

[2] *See Chewy to Open Its First Veterinary Practices with Launch of Chewy Vet Care*, Chewy.com (December 14, 2023), https://investor.chewy.com/news-and-events/news/news-details/2023/Chewy-to-Open-Its-First-Veterinary-Practices-with-Launch-of-Chewy-Vet-Care/default.aspx.

[3] *See* Chewy, Inc., *Form 10-K, For the Fiscal Year Ended January 28, 2024*, SEC, https://www.sec.gov/ix?doc=/Archives/edgar/data/0001766502/000176650224000014/chwy-20240128.htm (Canada expansion in September 2023); Vansh Agarwal, *Chewy Gets Its Bark Back with Foray into Canada, Forecast Raise*, Reuters (June 1, 2023), https://www.reuters.com/business/retail-consumer/online-pet-goods-retailer-chewy-surges-sales-forecast-lift-canada-foray-plans-2023-06-01/

of the United States' population.[4] Based on these percentages, Chewy likely had anywhere from 785,000 to 800,000 Pennsylvania customers during the Time Period.[5]

25. Loughry is requesting statutory damages for her sole claim that Chewy violated WESCA. First Am. Compl. ¶ 47.d. Civil statutory damages under WESCA are at least $1000 per violation. 18 Pa. Cons. Stat. Ann. § 5725(a)(1). Even using the lower end estimate of Chewy's active customers in Pennsylvania during the Time Period, statutory damages potentially equal $785 million. *See Judon*, 773 F.3d at 506-07 (amount in controversy based on "some realistic estimate of the amount of damages per class member," and proved by a preponderance of the evidence).

26. Even if Chewy's Pennsylvania customer base were lower than the suggested approximation, Chewy need only have 5000 customers in Pennsylvania during the Time Period in order to meet the amount-in-controversy threshold of $5,000,000, based on Loughry's request for statutory damages. *See* First Am. Compl. ¶ 47.d; 18 Pa. Cons. Stat. Ann. § 5725(a)(1). With 20.4 million customers nationwide during the Time Period, it is realistic to assume that Chewy's Pennsylvania customer base is well over this minimum threshold. *See Judon*, 773 F.3d at 507; Ex. E, at 3.

27. Accordingly, CAFA's amount-in-controversy requirement is easily satisfied. 28 U.S.C. § 1332(d)(2).

[4] Per the U.S. Census Bureau, Pennsylvania's population was 13,002,700 in 2020 and estimated to be 13,078,751 in 2024. *See QuickFacts, Pennsylvania*, U.S. Census Bureau, *https://www.census.gov/quickfacts/fact/table/PA/PST045224*. The United States' population in 2020 was 331,449,281 and estimated to be 340,110,988 in 2024. *QuickFacts, United States*, U.S. Census Bureau, https://www.census.gov/quickfacts/fact/table/US/POP010210#POP010210. Therefore, in 2020, Pennsylvania was approximately 3.92% of the U.S. population and estimated to be 3.85% in 2024.

[5] Chewy is approximating its Pennsylvania customers for jurisdictional purposes only and does not concede that these customers are potential class members under the definition proposed in the First Amended Complaint.

**OTHER MATTERS**

28. In accordance with 28 U.S.C. § 1446(d), Chewy will promptly provide written notice to Loughry, through counsel, of the removal of this action, and will also file a copy of this Notice of Removal with the Office of Judicial Records of the Court of Common Pleas of Delaware County, Pennsylvania.

29. If any question arises as to the propriety of the removal of this action, Chewy respectfully requests the opportunity to provide evidence in support of its position that this case is subject to removal.

30. If this Court determines that the First Amended Complaint and other documents to date lack adequate information from which to ascertain the prerequisites to jurisdiction under CAFA, Chewy reserves the right to remove this action at the appropriate time. *See Judon*, 773 F.3d at 509 (citing 28 U.S.C. § 1446(b)(3); *A.S. ex rel. Miller v. SmithKline Beecham Corp.*, 769 F.3d 204, 210–11 (3d Cir. 2014)) ("In the event [Defendant] is unsuccessful in establishing CAFA jurisdiction during the early stages of this action, [Defendant] may still re-remove the case to federal court if new facts are discovered that establish jurisdiction.")).

31. Chewy reserves all defenses and objections it may have to this action, without conceding any of the allegations of the First Amended Complaint or that Loughry has pleaded claims upon which relief may be granted.

WHEREFORE, for the reasons set forth above, Chewy respectfully requests that the above-captioned action, now pending in the Court of Common Pleas of Delaware County, Pennsylvania, be removed to the United States District Court for the Eastern District of Pennsylvania.

Dated: December 31, 2025

Respectfully submitted,

*/s/ Ezra D. Church*

Ezra D. Church
**MORGAN, LEWIS & BOCKIUS LLP**
2222 Market Street
Philadelphia, PA 19103-3007
Tel: (215) 963-5000
Fax: (215) 963-5001
ezra.church@morganlewis.com

*Counsel for Defendant Chewy, Inc.*